## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**DANA HARSHMAN,**

       **Plaintiff,**

    **v.**

**SYMETRY FINANCIAL,
WALGREENS, EMAIL EVIDENCE OF
ADVERTISEMENTS JOB HELPER
INDEED ZIPRECRUITER ANOTHER
ONE RECRUITERS;  WALMART,
EMAIL EVIDENCE OF
ADVERTISEMENTS JOB HELPER
INDEED ZIP RECRUITER ANOTHER
ONE RECRUITERS;  CVS
ADMINISTRATIVE HEARING,
SOUTHEASTERN GROCERS,
BENZER PHARMACY,  PUBLIX
CORP.,  WINN DIXIE,  CITRUS
MEMORIAL,  SHANDS U OF F,
ENCOMPASS HEALTH,  GENOA
PHARMACY,  SUNTRUST BANK
OCALA, FL,  MS BANK,  CHASE,
TRUIST,  ADVENT,  MONROE
REGIONAL,  MCCLAIN
INDUSTRIES,  PROVIDENT
INSURANCE,  DOLLAR TREE, JOB
HELPER ADS APPLIE ONLINE 2
TIMES;  HEALTH SOUTH, COPY OF
JOB ADVERTISEMENT;
GREYSTONE HEALTH HOME,  G
SULLIVAN GMC,  TOYOTA OCALA,
FL,  HARRIS CORP.,  LOCKHEED
MARTIN, 12 POS;  EBAY,  NRA,
TOBACCO ALCHOL,  ABC,
FIREARMS, JOHN/JANE DOE,
SINCE ABOUT 2005 BANKS 4 OF
THEM UNCOOPERATIVE IN
OPENING NEW PHARMACIES NEW**

**Case No.: 5:25-cv-00494-MSS-PRL**

**BUSINESSES; JOHN/JAMES DOE, 5
RETAIL CORP SHUTDOWN WITH
REPUBLICANS TALLAHASSEE;
WASHINGTON DC,  MARION CO
COMMISSION,  OCALA CITY
COUNCIL,  MAYOR GUINN,
NOBODY GETTING ANYTHING
DONE;  17TH STREET DISCOUNT
PHARMACY,  HOME DEPOT, JOB
AD EMAIL; JOHN/JANE DOE, VICE
PRESIDENT OF BUSINESS
DEVELOPMENT JOB AD APPLIED;
CHASE MANHATTAN BANK,  DANA
STUDIES INVESTING
ACCOUNTING, OCALA, FL,
KINDRED HEALTHCARE OCALA,
FL,  LOWES HOME IMPROVEMENT,
JOB AD; AND  BENZER WINN DIXIE
OCALA, FL, JOB AD EMAIL JAN 13
2020 LENSA;**

                **Defendants,**

_____/

# ORDER

As reflected in the case style, the Plaintiff, Dana Harshman, who is proceeding *pro se*, filed this action against more than 25 separate defendants. Plaintiff seeks to proceed in forma pauperis. (Doc. 5). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

## I.  Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1).

However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.    Discussion

To summarize, Plaintiff's complaint consists of approximately five pages of vague, rambling, and incomprehensible verbiage. (Doc. 1). As best can be discerned, Plaintiff's complaint reflects a vast list of grievances, intertwined with unspecified references to employment discrimination, regulations, and other legal proceedings.

To begin, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. Indeed, Plaintiff's allegations are not even presented in the form of complete sentences. In short, Plaintiff's allegations are far from sufficient to state a claim. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories

upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 5) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **November 20, 2025,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on November 6, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties